■ In the Matter of PHILIP BELLOMO et al., Appellants, v BOARD OF ASSESSMENT REVIEW, TOWN OF MAMAKATING, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 22, 1991 in Sullivan County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent reassessing petitioners' real property.

After receiving a notice of change in assessment for their residence in the Town of Mamakating, Sullivan County, for 1988, petitioners filed a complaint with respondent which granted partial relief to petitioners. Dissatisfied with the result, petitioners filed a petition pursuant to the small claims assessment review provisions of the RPTL 729 (art 7, tit 1-A). A hearing was held at which petitioners appeared and presented their arguments, and the Town Assessor submitted a report of a real estate appraiser stating his opinion as to the fair market value of petitioners' property and the basis for that opinion. The Hearing Officer rejected petitioners' arguments and concluded that the assessment, as adjusted by respondent, was appropriate. Petitioners then commenced this CPLR article 78 proceeding to review the determination (see, RPTL 736 [2]).

Petitioners contend that the change in their 1988 assessment was the result of a partial revaluation in violation of State statute (see, RPTL 305 [2]) and the Equal Protection Clause of the 14th Amendment (see, Allegheny Pittsburgh Coal v Webster County, 488 US 336), and that the Assessor disregarded the depreciation factor tables published by the State Board of Equalization and Assessment. In a special proceeding for small claims assessment review, a property owner may seek review on the ground that an assessment is unequal or excessive (RPTL 730 [1]), and having elected to seek small claims review petitioners waived the right to seek review under title 1-A of RPTL article 7 (RPTL 736 [1]). We conclude, therefore, that regardless of the propriety of the methodology used to determine the assessment for petitioners' property, petitioners are not entitled to any relief in their small claims

review proceeding unless that assessment is in fact excessive or unequal within the meaning of RPTL 729 (2) or (4).

The Hearing Officer found that petitioners' assessment was appropriate and the record contains a rational basis for that finding. The Assessor presented an appraisal report which determined the fair market value to be greater than the valuation used in the assessment. Petitioners point to the appraiser's statement that his letter of opinion was not to be considered as a full, formal appraisal report, but that does not detract from the intended purpose of the report, i.e., to give the appraiser's opinion of the fair market value of the property as of the relevant date. The report contains a detailed account of the data relied upon by the appraiser in arriving at his opinion, including the comparable sales. Petitioners offered their own opinion as to the value of the property, but the Hearing Officer was justified in relying upon the opinion of the expert to conclude that the assessment was not excessive. There is no evidence that the assessment was unequal within the meaning of RPTL 729 (4). The judgment dismissing the petition should therefore be affirmed.

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.