◼ In The Matter of EMIL LANDAU et al., Appellants, v Assessor OF THE TOWN OF CARMEL et al., Respondents. [652 NYS2d 777] —In consolidated proceedings pursuant to Real Property Tax Law article 7 to review the assessments of five parcels of real property for the years 1988 through 1993, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Putnam County (Palella, J.), dated June 28, 1995, which, after a nonjury trial, denied the petitions and dismissed the proceedings.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly denied the respondents' motion to strike the petitioners' appraisal (*see*, 22 NYCRR 202.59 [g], [h]; *Matter of Niagara Mohawk Power Corp. v Town of Bethlehem Assessor*, 225 AD2d 841).

Generally, where environmental contamination depresses a property's value, that contamination must be considered in a property tax assessment, and a flexible approach to valuation

is permitted during the trial of such cases (*see, Matter of Commerce Holding Corp. v Board of Assessors,* 88 NY2d 724). Nonetheless, "a challenge to a property tax assessment must be supported by sound theory and objective data" (*see, Matter of Commerce Holding Corp. v Board of Assessors, supra,* at 731-732, citing *Katz v Assessor of Vil./Town of Mount Kisco,* 82 AD2d 654, 656-657). In this case, the petitioners' challenge was not so supported.

For example, while the petitioners' expert appraiser utilized the comparable sales approach, he failed to make any adjustment to the first comparable except for an unexplained time adjustment. Ultimately, he did not even use that comparable as evidence of value. The appraiser instead relied exclusively on the second comparable, an auction sale of the property at issue which was not at arms' length and which was made under stress. Even when utilizing that auction sale, the appraiser failed to explain how he valued each parcel at issue. The third comparable constituted a property that was merely listed for sale and the appraiser similarly did not rely on or make adjustments to that comparable.

In light of such evidence, the Supreme Court properly rejected the comparables and the expert opinion (*see, Latham Holding Co. v State of New York,* 16 NY2d 41, 45-46; *St. Agnes Cemetery v State of New York,* 3 NY2d 37, 44, 47; *Woolworth Co. v Srogi,* 92 AD2d 736, 737; *Katz v Assessor of Vil./Town of Mount Kisco, supra,* at 657, 659; *Geffen Motors v State of New York,* 33 AD2d 980).

Finally, even if the Supreme Court had admitted into evidence all of the exhibits proffered by the petitioners, the result in this case would not be different. Copertino, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.