[682 NYS2d 447]

In the Matter of JOHN PACE et al., Respondents, v ASSESSOR OF THE TOWN OF ISLIP et al., Appellants.

Second Department, December 28, 1998

**APPEARANCES OF COUNSEL**

*Vincent J. Messina, Jr., Town Attorney* of Town of Islip (*Richard Hoffmann* of counsel), for appellants.

*Pace & Pace,* West Islip (*John Pace, pro se,* and *Alan B. Sparer* of counsel), for respondents.

**OPINION OF THE COURT**

SANTUCCI, J.

The petitioners commenced Small Claims Assessment Review (hereinafter SCAR) proceedings to challenge the real property tax assessments of their respective properties for the tax year 1995-1996. They claimed that the subject properties had been unequally assessed in that their properties were assessed at a higher percentage of full market value than other residential property on the assessment roll.

The Judicial Hearing Officer found, *inter alia,* that the petitioners failed to prove their claim. The petitioners then commenced the instant proceeding pursuant to CPLR article 78. In granting the petition the court concluded, *inter alia,* that "the presumption of accuracy in the assessment of fractional value was indeed rebutted by * * * proof that the Residential Assessment Ratio was not uniformly applied". The court vacated the determinations and directed that the Town recompute and allocate "a uniform ratio commensurate with other comparison properties, the median of which petitioners propose to be a percentage of 20.5%". We now reverse.

In a SCAR proceeding based on a claim of inequality of assessment, the homeowner is required to prove that his or her property is assessed at a higher percentage of full market value than either (1) the average of all other property on the assessment roll or (2) the average of residential property on the assessment roll (RPTL 729 [4]). To make a case, the homeowner must first prove the full market value of his or her own property. Full market value may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (*see,* Lee and LeForestier, Review and Reduction of Real Property Assessments in New York § 9.04 [3d ed 1988]; State Board of Real Property Services, A Taxpayer's Guide: How to File a Complaint on Your Assessment, at 1 [Jan. 1998 rev]). Once full market value has been established, a petitioner must adduce proof of what he or she believes to be the appropriate percentage of value to be used to determine the correct assessment. That proof may take the form of the equalization rate or the Residential Assessment Ratio established for the assessing unit, the assessor's statement of percentage, or the assessments of comparable residential properties (RPTL 732 [2]; *see,* State Board of Real Property Services, A Taxpayer's Guide: How to File a Complaint on Your Assessment, at 1 [Jan. 1998 rev]). Through this proof the

homeowner must show that the assessed valuation of his or her property is at a higher percentage of its full market value than the percentage that the proof establishes to be the appropriate one for the assessing unit.

In attempting to prove their case, the petitioners relied upon the Residential Assessment Ratio (hereinafter RAR) calculated by the State Board of Real Property Services pursuant to a method set forth in RPTL 738. The RAR is the median value in a list of ratios of the assessed valuation to sales price of residential properties sold at arm's length in the assessing unit during a preceding one-year period. It is admissible in a SCAR proceeding as part of the proof of inequality (RPTL 732, 738). Its purpose is to demonstrate by recent market experience the relationship between the assessed valuation and the full value, expressed as a percentage, of residences in the assessing unit (*see,* Lee and LeForestier, Review and Reduction of Real Property Assessments in New York § 9.01, at 440 [3d ed 1988]), and thereby to establish the average percentage of full value at which the residential property in the assessing unit is assessed (*see,* Lee and LeForestier, Review and Reduction of Real Property Assessments in New York § 1.13 [3d ed 1988]).

Ordinarily, the full market value of the property is multiplied by the RAR. If the resulting figure is less than the assessed valuation of the property, the homeowner has demonstrated unequal assessment. In this case however, the petitioners used the RAR in an unorthodox manner. They divided the assessed valuations of their respective properties by the RAR to derive an amount which they claimed represented the full market value of those properties. They never adduced independent proof of full market value in one of the standard forms set forth above, namely, proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties.

The petitioners then attempted to prove their claim of unequal assessment by calculating the ratio of the assessment to the sales price for each of 51 selected sales of nearby residential properties. They then found the median ratio in that group, which, for lack of a better term, may be called a Selected Sales Assessment Ratio (hereinafter SSAR). Comparison of the SSAR to the RAR showed that the former was lower than the latter. They multiplied the claimed full market values of their properties by the SSAR and derived new, lower, proposed assessed valuations.

■ The judgment appealed from must be reversed for several reasons. First, the petitioners' argument is barred by the

prohibition against maintaining inconsistent positions in a judicial or quasi-judicial proceeding (*see,* 28 Am Jur 2d, Estoppel & Waiver, § 69; 31 CJS, Estoppel & Waiver, § 140; Beck, *Estoppel Against Inconsistent Positions in Judicial Proceedings,* 9 Brook L Rev 245; Note, *The Doctrine of Preclusion Against Inconsistent Positions in Judicial Proceedings,* 59 Harv L Rev 1132). One cannot in the same proceeding rely upon evidence which he or she has brought into the case and then assail it (*see,* 28 Am Jur 2d, Estoppel & Waiver, § 75; *National S.S. Co. v Tugman,* 143 US 28, 32; *cf., Buck v Kuykendall,* 267 US 307, 316; *Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591). The methodology employed by the petitioners in this case avoided independent proof of value; the asserted full market value for each property was derived by dividing its assessed valuation by the RAR. If the asserted full market value for each property is correct, then so must be the assessment and the RAR. The petitioners have merely shown that the SSAR for their selected sales is less than the RAR promulgated for the assessing unit. The petitioners' case is thus an argument that their SSAR is a more accurate measure of the average assessment ratio for residential property in the assessing unit than the RAR. Having relied on the RAR to prove the full market value of their properties, the petitioners cannot take a position that would impeach it as an accurate measure of the average percentage of full value at which the residential property throughout the assessing unit is assessed.

■ Second, the Supreme Court annulled the determination of the Judicial Hearing Officer because it found that "the presumption of accuracy in the assessment of fractional value was indeed rebutted by * * * proof that the Residential Assessment Ratio was not uniformly applied". Lack of uniformity of a petitioner's assessment ratio with the assessment ratios of specific selected properties is not the test in a SCAR proceeding. The petitioners had the burden of demonstrating that their properties were assessed at a higher percentage of full market value than the *average of all residential property on the same assessment roll.* Although a homeowner may offer evidence of "the assessment of comparable residential properties within the same assessing unit" (RPTL 732 [2]), such evidence serves merely to "bolster" the claim that a petitioner's assessment is erroneous (*see,* State Board of Real Property Services, A Taxpayer's Guide: How to File a Complaint on Your Assessment, at 30 [Jan. 1998 rev]) and is of low probative value (*see,* Lee and LeForestier, Review and Reduction of Real Property Assessments in New York §§ 9.06, 1.17 [3d ed 1988]).

The SSAR developed by the petitioners tends to show that selected properties that were sold in the neighborhood were assessed at a lower percentage of full value than the percentage at which they claimed their properties were assessed. This is not the same as showing that the average assessment ratio for all residential properties on the assessment roll was lower than the assessment ratio on the petitioners' property. The petitioners' SSAR and the RAR were both developed using the so-called sales survey approach to proving inequality (*see,* Lee and LeForestier, Review and Reduction of Real Property Assessments in New York § 1.16 [3d ed 1988]). The SSAR was calculated using some neighborhood sales over a three-year period, and the RAR was calculated using all sales in the assessing unit in a preceding one-year period. The proof was inadequate to establish that the petitioners' SSAR was a more accurate measure of the average assessment ratio of all residences in the assessing unit than the RAR.

Third, because the petitioners never supplied independent proof of the value of their properties, it was impossible to calculate their assessment ratios for comparison with an average assessment ratio for the assessing unit.

The petitioners' remaining contention is without merit.

Accordingly the judgment is reversed, the determinations are confirmed, and the petition is dismissed on the merits.

MILLER, J. P., COPERTINO and PIZZUTO, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, the determinations are confirmed, and the petition is dismissed on the merits.