■ In the Matter of ROBERT J. KRZYS et al., Appellants, v TOWN OF CLIFTON PARK, Respondent. [699 NYS2d 554] —Peters, J. Appeal from a judgment and amended judgment of the Supreme Court (Keniry, J.), entered June 9, 1998 and July 1, 1998 in Saratoga County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination by a Small Claims Assessment Review Hearing Officer upholding petitioners' real property tax assessment.

Petitioners own a 2.2-acre parcel improved with a 4,000-square-foot residence located in the Town of Clifton Park, Sara-

---

toga County. The property was purchased in May 1995 at a mortgage foreclosure auction for $360,010.[1] In 1996, the property was assessed by respondent at $420,300. Following an unsuccessful challenge to the assessment before respondent's Board of Assessment Review, petitioners commenced a proceeding under the small claims assessment review (hereinafter SCAR) procedure pursuant to RPTL article 7, title 1-A, seeking a $60,200 reduction. Following a hearing, the Hearing Officer concluded that the 1995 purchase price of $360,010 was an inaccurate indicator of market value since the property was purchased at a mortgage foreclosure sale. Further finding that petitioners failed to sustain their burden in showing that the assessment was excessive or unequal, it denied their request. Petitioners commenced this CPLR article 78 proceeding and, upon Supreme Court's dismissal of the petition, this appeal ensued.[2]

In assessing whether the SCAR determination is supported by a rational basis (see, *Matter of Meola v Assessor of Town of Colonie*, 207 AD2d 593, 594, *lv denied* 84 NY2d 812; *Matter of Bellomo v Board of Assessment Review*, 185 AD2d 574, 575, *lv denied* 80 NY2d 761), we note that it was incumbent upon petitioners to demonstrate that the assessment was excessive or unequal within the meaning of RPTL 729 (2) or (4) (see, *Matter of Pace v Assessor of Town of Islip*, 252 AD2d 88, 90, *lv denied* 93 NY2d 805). Clearly, "[t]he best evidence of value * * * is a recent sale of the subject property between a seller under no compulsion to sell and a buyer under no compulsion to buy" (*Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356; *see, Matter of Pace v Assessor of Town of Islip, supra*, at 90). Upon such reasoning, the purchase of a property at a mortgage foreclosure auction may not always represent an arm's length transaction (*compare, Waterman v Katchuk*, 129 AD2d 877, *with Matter of Landau v Assessor of Town of Carmel*, 236 AD2d 403).

Here, petitioners attempted to sustain their burden of showing that the assessment was excessive by introducing evidence that the price paid for the property at the mortgage foreclosure sale comports with two other comparable properties. To further

1. Petitioner Robert J. Krzys purchased the property and subsequently conveyed it to himself and petitioner Casimer J. Dlugosz as joint tenants.

2. In its initial decision of May 19, 1998, Supreme Court noted that "petitioners failed to introduce any independent evidence of the value of the property during the proceeding before the Hearing Officer". By letter dated June 16, 1998, Supreme Court amended the decision by removing that sentence and indicating that petitioners had submitted evidence of the value of the property.

buttress their contention of a reduced value, testimony was introduced that a written offer of sale, dated August 14, 1996, for $305,000 had already been proffered. No appraisal of this property was offered.

Respondent presented two comparable properties, one of which was presented by petitioners, and objected to the use of the purchase price from the mortgage foreclosure sale as an indicator of value. In support thereof, it presented evidence that the Referee's report and judgment of foreclosure indicated that a total of $549,434.96 was due to the bank at the time of the sale.

Upon this record we cannot conclude that petitioners, without submitting an appraisal, sustained their burden of demonstrating that the assessment was excessive or unequal within the meaning of the governing provisions (see, RPTL 729 [2], [4]; Matter of Pace v Assessor of Town of Islip, supra, at 90). As the assessment of this property appears to be valued at an amount greater than petitioners' purchase price and less than the original mortgage debt (see, Onondaga Sav. Bank v Cale Dev. Co., 63 AD2d 415, 420), we find a rational basis supporting the determination rendered and decline to disturb it.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment and amended judgment are affirmed, without costs.