OPINION OF THE COURT
Raymond E. Cornelius, J.
The petitioner, who is also an attorney-at-law, commenced this proceeding, pursuant to CPLR article 78, and thereby seeks to set aside and annul the determination of a Hearing Officer, dated August 13, 2000, in a small claims assessment review (SCAR) proceeding. The property, which was subject of such proceeding, consists of a single-family residence located at 25 Cedar Mill, in the Town of Greece, and is owned by the petitioner, together with his spouse. The property had been purchased in 1994 for approximately $350,000.
On April 28, 2000, the petitioner received a notice of change of assessment, from the Town of Greece, which advised that the property would be assessed in the amount of $370,000 for the upcoming tax year. This represented a $90,000 increase over the total assessed valuation of $280,000 for the 1999-2000 tax year. On or about May 18, 2000, the petitioner filed a grievance application with the Board of Assessment Review for the Town of Greece, in which he alleged an excessive assessment for the subject property. Thereafter, he was advised by letter, *3 dated June 23, 2000, that the Board of Assessment Review had denied the grievance and declined to grant any reduction in the assessment.
On July 25, 2000, a petition for a small claims assessment review was filed with the Monroe County Clerk’s Office, pursuant to the provisions of Real Property Tax Law, article 7, title 1-A. The petitioner alleged an excessive assessment based upon a comparative market analysis of 50 properties, which are also located in the Town of Greece and claimed to be comparable to the premises at 25 Cedar Mill. This document listed the square footage for each property, and in addition to the former and current assessed value for each property, contained a breakdown of each assessment by square footage. This analysis demonstrated that although petitioner’s home is 3,673 square feet, with an assessment of $370,000, resulting in an average assessment of $100.73 per square foot, the 50 properties, which were claimed to be comparable, and ranged from 3,016 square feet to 4,722 square feet, had an average assessment of $66.42 per square foot.
A Hearing Officer, who had been selected pursuant to the provisions of Real Property Tax Law § 731, was designated to hear and determine the SCAR proceeding. The hearing was held on August 2, 2000, and testimony was taken concerning the 50 comparative properties contained in the petitioner’s comparative market analysis. A real property appraiser for the Town of Greece was assigned the defense of petitioner’s SCAR proceeding, and gave testimony in support of the assessed value being $370,000. More specifically, this opinion was supported by an appraisal, based upon sales of three properties, which were claimed to be comparable to petitioner’s property and also located in the Town of Greece. Pursuant to a decision, submitted to the clerk on August 10, 2000, the Hearing Officer determined that there should be no change in the assessment of $370,000. In relevant part, the Hearing Officer issued the following report:
“The homeowner failed to submit any relevant data supporting a reduction in the assessment.
“Comparability of sale data is not limited to size (i.e. square feet). Comparability also implies: style of home, age, quality of construction, condition, site size, etc., etc.”
Small claims assessment review hearings are informal in nature, and should be conducted “in such manner as to do substantial justice between the parties according to the rules of substantive law” (Real Property Tax Law § 732 [2]). Con *4 trary to the position taken by counsel for the respondents, in this article 78 proceeding, “[t]he decision of the hearing officer shall state the findings of fact and the evidence upon which it is based.” (Real Property Tax Law § 733 [4].) This same subdivision further provides that the decision must be attached and made part of the petition for review. A petitioner may then seek judicial review pursuant to CPLR article 78. (Real Property Tax Law § 736.) However, the court’s role should be limited to ascertaining whether or not there is a rational basis for the Hearing Officer’s determination. (Matter of Meola v Assessor of Town of Colonie, 207 AD2d 593 [3d Dept 1994], lv denied 84 NY2d 812 [1995]; Bellomo v Board of Assessment Review, 185 AD2d 574 [3d Dept 1992], lv denied 80 NY2d 761 [1992].)
The statute affords a simplified review procedure to a homeowner who claims “to be aggrieved by an assessment on real property on the ground that such assessment is unequal or excessive” (Real Property Tax Law § 730 [1]). The term “excessive assessment” includes either an assessment which exceeds full value of the property, or an assessment for real property, which fails to receive all or a portion of entitled exemptions. (Real Property Tax Law § 729 [2] [a], [b].) The term “unequal assessment” is defined as an assessment for the subject property, which, in this case, is a one-family residential structure, “made at a higher proportion of full value than assessed valuation of other residential real property on the same roll,” or alternatively, “at a higher proportion of full value than the assessed valuation of all real property on the same roll.” (Real Property Tax Law § 729 [4] [a], [b].)
Both in the complaint before the Board of Assessment Review as well as the petition which commenced this SCAR proceeding, petitioner alleged an “excessive assessment” and requested a reduction to a claimed, full value of $243,960.66. This amount was derived by multiplying the average assessment, per square foot, of the 50 properties contained in the comparative market analysis, by the square footage of the subject property.
In a SCAR proceeding, the Hearing Officer is directed to “consider the best evidence presented in each particular case” and this may include, among other types of proof, “the assessment of comparable residential properties within the same assessing unit.” (Real Property Tax Law § 732 [2].) In regard to a claim of "unequal assessment,” a homeowner would be required to independently establish the full market value of their own property, based upon proof of a recent purchase price, professional appraisal, or sale prices or appraised values of compar *5 able properties, and then demonstrate that the assessed valuation is at a higher percentage of such full market value than the percentage applicable for the assessing unit. (Matter of Pace v Assessor of Town of Islip, 252 AD2d 88 [2d Dept 1998], lv denied 93 NY2d 805 [1999].) Although a petitioner may rely upon assessments of comparable residential properties to establish the appropriate percentage of value to be used to determine the correct assessment, such proof has been declared to be of low probative value. (See Matter of Pace v Assessor of Town of Islip, supra.)
The pending case does not involve a claim of “unequal assessment,” but rather “excessive assessment.” Indeed, because assessments in the Town of Greece are based upon full value, a homeowner could not be aggrieved by an “unequal assessment.” The definition of this term, as hereinbefore set forth, necessarily relates to assessments based upon fractional or partial values of properties. Accordingly, some of the types of evidence, which the statute recognizes as permissible to be considered by the Hearing Officer, such as the equalization rate, residential assessment ratio, or uniform percentage of value stated on the latest tax bill, would not be relevant to assessments based upon full value. (See Real Property Tax Law § 732 [2].) Similarly, assessments of comparable residential properties would not be relevant if the only purpose was to show, for example, a disparity in assessments based upon square footage.
The only determinations to be made in a proceeding involving a claim of “excessive assessment” are the full value of the subject property and whether such value is less than the assessed value. As in the case involving a claim of an “unequal assessment,” proof of value could take the form of recent purchase price for the property, a professional appraisal or sales prices of comparable properties. (Matter of Pace v Assessor of Town of Islip, supra.) In fact, the respondents, in the pending case, did submit a professional appraisal which was based upon recent sales prices of comparable properties, several of which were located within a block of petitioner’s home. Furthermore, the purchase price of $350,000, paid some six years earlier, was more consistent with the current assessed value of $370,000 than petitioner’s claim of full value in the amount of approximately $244,000.
Evidence in the form of assessments of comparable residential properties within the same assessment unit may also be relevant in a case involving a claim of an “excessive assess *6 ment,” but only if such proof tends to establish the full value of the subject property. Counsel for the respondents correctly notes -that the comparative market analysis failed to contain the market values for the 50 other properties. However, when assessments are based upon full value, the assessed value would presumably be the same as the fair market value. The question then becomes whether or not the other residential properties are, in fact, sufficiently comparable to permit a finding of value for the subject property.
The Hearing Officer, by declaring that petitioner had failed to submit “any relevant, data,” in effect determined that the comparative market analysis was not probative on the issue of whether or not there should be a reduction in the tax assessment. Relevance, in terms of judicial proof, has been defined as knowledge imparted by a particular item of evidence to aid in the determination of an issue, and, thus, something is relevant if it is probative of a proposition to be proved by a party. (Fisch, New York Evidence § 3 [2d ed].) ' ' ' 1 "
The only common factor between petitioner’s property and the 50 properties listed, in the comparative market analysis was square footage. In the court’s opinion, this, alone, is insufficient to be probative on the issue of the full value of petitioner’s property. Unless factors, such as those identified by the Hearing Officer, i.e., style, age, quality of construction, condition, and site size, are demonstrated, there ,co,uld be no rational basis for a finding of comparability, which would then permit a determination of full value of the subject property based upon the assessed values of the other properties. (Cf. Matter of Meola v Assessor of Town of Colonie, supra.) Accordingly, this court would agree that the comparative market analysis was not relevant to a determination of the full value of petitioner’s property and, therefore, on the ultimate question of whether there was an “excessive assessment” in this case. Absent any relevant proof submitted by the homeowner on the issue of full value, there should be a presumption of accuracy accorded to the assessed value determined by the Town. (Pace v Assessor of Town of Islip, supra; also see, Matter of Agosh v Town of Cicero Bd. of Assessment Review, 150 Misc 2d 756 [1991].)
Based upon the foregoing reasons, it is hereby ordered that the petition to set aside and annul the determination of the Hearing Officer, dated August 13, 2000, is hereby dismissed.