■ In the Matter of LEONARD SOFIA, Appellant, v ASSESSOR OF TOWN OF EASTCHESTER et al., Respondents. [742 NYS2d 369] —In a proceeding pursuant to CPLR article 78 to review a determination of a Judicial Hearing Officer, dated April 9, 1999, which granted the petitioner's small claims assessment review application pursuant to Real Property Tax Law article 7 to reduce the tax assessment of his real property only to the extent of reducing the assessment by $750, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Palella, J.), entered December 29, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In a small claims assessment review proceeding challenging inequality of assessment, "the homeowner is required to prove that his or her property is assessed at a higher percentage of full market value than either (1) the average of all other property on the assessment roll or (2) the average of residential property on the assessment roll" (*Matter of Pace v Assessor of Town of Islip,* 252 AD2d 88, 90). Here, the petitioner adduced evidence tending to prove that his property was assessed at a higher value than 10 neighboring, allegedly comparable, properties on his block. The Judicial Hearing Officer acknowledged, "[p]er photos submitted, the subject [property] is equal or inferior to many of the comps." However, even assuming that the petitioner's proof established that his property is overassessed as compared to these 10 neighboring properties, this

does not satisfy his burden of proving that his property is over-assessed as compared to "*all* other property on the assessment roll or (2) the *average of* residential property *on the assessment roll*" (*id.* [emphasis added]). Notwithstanding their proximity, the 10 neighboring properties are not a sufficiently representative sample from which to determine the "average of residential property on the assessment roll," so as to properly conclude that the petitioner's property is burdened by an objectionable unequal assessment (*id.*). Accordingly, the Judicial Hearing Officer's determination rejecting the petitioner's claims had a rational basis, and was properly upheld by the Supreme Court (*see Matter of Barbera v Assessor of Town of Pelham,* 278 AD2d 412; *Matter of Meola v Assessor of Town of Colonie,* 207 AD2d 593).

The petitioner's remaining contentions are meritless. Florio, J.P., S. Miller, Schmidt and Cozier, JJ., concur.