*1072 In a hybrid, proceeding pursuant to CPLR article 78, inter alia, to review a determination of a hearing officer, dated January 20, 2009, which denied the petitioner/plaintiff s application pursuant to Real Property Tax Law article 7 to reduce the tax assessment of his real property for tax year 2008/2009, and action for a judgment, among other things, declaring that the method of tax assessment imposed is invalid and unconstitutional, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Jones, Jr., J.), dated June 9, 2009, which, upon an order of the same court also dated June 9, 2009, granting the motion of the Town of Babylon Department of Assessment and Michael J. Bernard, as Assessor of the Town of Babylon, to dismiss the petition/complaint, denied the petition and dismissed the proceeding/action.
Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the cause of action seeking a judgment declaring that the method of assessment was unconstitutional; as so modified, the judgment is affirmed, with costs to the petitioner/plaintiff, the cause of action seeking a judgment declaring that the method of assessment was unconstitutional is reinstated, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on that cause of action.
Steven Greenfield owns certain residential real property located in the Town of Babylon. For the 2008/2009 tax year, the Town of Babylon Department of Assessment assessed the subject property at the sum of $9,590. Greenfield filed a grievance with the Town’s Board of Assessment Review, alleging an excessive and unequal assessment,, and seeking reduction of the assessment. After his grievance was denied, Greenfield commenced a small claims assessment review (hereinafter SCAR) proceeding, challenging the assessment as excessive and unequal. After an informal hearing, the hearing officer denied the SCAR petition, finding that Greenfield failed to prove that the assessed valuation exceeded the full value of his property. The hearing officer also found that Greenfield failed to establish that his property was subject to an unequal assessment because the assessments for the six comparable properties he submitted constituted an insufficient sample.
Greenfield then commenced this hybrid proceeding and ac *1073 tion, seeking a judgment annulling the hearing officer’s determination and reducing the assessment, declaring the method of assessment used by the Town of Babylon Department of Assessment invalid and unconstitutional, and enjoining Michael J. Bernard, as Assessor of the Town of Babylon, and the Town of Babylon Department of Assessment (hereinafter together the Assessor) from assessing properties without taking into consideration the increase in their value due to substantial improvements. The petition/complaint alleged that the hearing officer’s determination was arbitrary and capricious and based on an error of law, and that the Assessor was engaged in a systematic practice of failing to reevaluate the actual value of properties whose values had increased due to substantial improvements, which discriminated against owners of properties who had not upgraded, in violation of state and federal equal protection guarantees and 42 USC § 1983. The petition/complaint mistakenly stated that it was challenging the assessment for the 2006/2007 tax year, but also referenced the valuation date of July 1, 2007, which was the valuation date for the 2008/2009 tax year.
The Assessor moved to dismiss the petition/complaint on the grounds of lack of subject matter jurisdiction, untimeliness of the grievance, SCAR petition, and petition/complaint, and failure to name a necessary party, namely the Village of Babylon. The Supreme Court granted the motion, and issued a judgment denying the petition and dismissing the proceeding/action, holding that Greenfield’s challenges to the assessment for the 2006/ 2007 tax year and the methodology of the Assessor were untimely, that the Village of Babylon was a necessary party, and that the determination of the hearing officer was supported by a rational basis. Greenfield appeals, and we modify.
The Supreme Court should have disregarded the reference in the petition/complaint to the incorrect tax year as it was an obvious mistake, and to disregard it would not prejudice a substantial right of any party (see CPLR 2001, 3026; MacLeod v County of Nassau, 75 AD3d 57 [2010]). Moreover, Greenfield asserted timely challenges to the assessment for the 2008/2009 tax year at each stage of the process (see RPTL 730 [3]; 736 [2]; CPLR 217 [2]), and then timely challenged the Assessor’s methodology in this proceeding (see Matter of Montgomery v Board of Assessment Review of Town of Union, 30 AD3d 747 [2006]; Matter of DeLeonardis v Assessor of City of Mount Vernon, 226 AD2d 530 [1996]). In any event, Greenfield also asserted a claim pursuant to 42 USC § 1983, which has a three-year statute of limitations (see CPLR 214; Wilson v Garcia, 471 *1074 US 261 [1985]; Corvetti v Town of Lake Pleasant, 227 AD2d 821, 823 [1996]; see also Allegheny Pittsburgh Coal Co. v Commission of Webster Cty., 488 US 336, 345 [1989]; Matter of Resnick v Town of Canaan, 38 AD3d 949, 952-953 [2007]; Matter of Krugman v Board of Assessors of Vil. of Atl. Beach, 141 AD2d 175. [1988]). Consequently, the matter was timely commenced.
With respect to the Supreme Court’s finding that the petition/complaint failed to name a necessary party, Greenfield did not seek any relief from the Village and only commenced the SCAR proceeding against the Town of Babylon Department of Assessment (see RPTL 736 [2]). In addition, no evidence was submitted to establish that the Village’s interest would be affected by the outcome of this proceeding requiring dismissal for failing to name it as a party (see CPLR 1001 [a]; Matter of TransGas Energy Sys., LLC v New York State Bd. on Elec. Generation Siting & Envt., 65 AD3d 1247, 1249 [2009]; cf. Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725 [2008]; Matter of Haddad v City of Hudson, 6 AD3d 1018, 1019 [2004]).
However, the Supreme Court properly granted that branch of the Assessor’s motion which was to dismiss so much of the petition/complaint as sought to annul the hearing officer’s determination in the SCAR proceeding. When such a determination is contested, the court’s role is limited to ascertaining whether there was a rational basis for that determination (see Matter of Meirowitz v Board of Assessors, 53 AD3d 549 [2008]; Matter of Gershon v Nassau County Assessment Review Commn., 29 AD3d 909 [2006]). Here, the evidence, which included comparable recent sales and Greenfield’s listing of the subject property for sale in March 2007 at a price in excess of the full market value as determined by the Assessor, provided a rational basis for the hearing officer’s determination that Greenfield failed to establish that the assessed valuation of his property exceeded its full value (see RPTL 729 [2] [a]; Matter of Gershon v Nassau County Assessment Review Commn., 29 AD3d 909 [2006]).
As to Greenfield’s claim of an unequal assessment, he was required to prove that his property was “assessed at a higher percentage of full market value than either (1) the average of all other property on the assessment roll or (2) the average of residential property on the assessment roll” (Matter of Sofia v Assessor of Town of Eastchester, 294 AD2d 509, 509 [2002] [internal quotation marks omitted]; see RPTL 729 [4]; Matter of Pace v Assessor of Town of Islip, 252 AD2d 88, 90 [1998]). In *1075 such a challenge, the homeowner must first prove the full market value of his or her own property and then adduce proof of the appropriate percentage of value to be used to determine the correct assessment (see Matter of Pace v Assessor of Town of Islip, 252 AD2d 88, 90 [1998]). That proof may consist of the equalization rate or residential assessment ratio (hereinafter the RAR) established for the assessing unit, the assessor’s statement of percentage, or the assessments of comparable residential properties (see RPTL 732 [2]; Matter of Pace v Assessor of Town of Islip, 252 AD2d 88, 90 [1998]).
Here, Greenfield submitted the applicable RAR, which, by definition, is the median percentage of value applied to residential property by the assessing unit during the preceding year (see Matter of Pace v Assessor of Town of Islip, 252 AD2d at 91). Notwithstanding such proof, Greenfield failed to establish that the full market value of his property, multiplied by the applicable RAR, was less than the assessed valuation of his property (id. at 93).
Finally, since the merits of Greenfield’s constitutional challenge to the Assessor’s methodology cannot be determined at this stage of the proceeding, we remit the matter to the Supreme Court, Suffolk County, for further proceedings on that cause of action. Covello, J.P., Santucci, Balkin and Austin, JJ., concur.