Matter of Silverman v Town of Huntington (2018 NY Slip Op 02476)





Matter of Silverman v Town of Huntington


2018 NY Slip Op 02476


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2015-05534
 (Index No. 27762/13)

[*1]In the Matter of Janet F. Silverman, appellant,
v
Town of Huntington, respondent.


Janet F. Silverman, Huntington, NY, appellant pro se.
Cindy Elan-Mangano, Town Attorney, Huntington, NY (Thelma Neira of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated December 15, 2014. The judgment denied the petition, which sought to review a determination of the Board of Assessment Review of the Town of Huntington dated September 19, 2013, declining to reduce the assessed value of a parcel of real property, and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, who owns a parcel of real property in the Town of Huntington, commenced this proceeding pursuant to CPLR article 78 to review a determination of the Board of Assessment Review of the Town of Huntington (hereinafter the Board) dated September 19, 2013, which declined to reduce the assessed value of the property for the 2013/2014 tax year. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Where, as here, a property owner alleges an unequal assessment, he or she is required to prove that the subject property is assessed at a higher percentage of full market value than either (1) the average of all other property on the assessment roll or (2) the average of residential property on the assessment roll (see RPTL 729[4]; Matter of Greenfield v Town of Babylon Dept. of Assessment, 76 AD3d 1071, 1074; Matter of Pace v Assessor of Town of Islip, 252 AD2d 88, 90). To make such a showing, the homeowner must first prove the full market value of his or her own property, which may be established by such methods as proof of a recent purchase price for the property, a professional appraisal, or proof of the sales prices or appraised values of comparable properties (see Matter of Greenfield v Town of Babylon Dept. of Assessment, 76 AD3d at 1074-1075; Matter of Pace v Assessor of Town of Islip, 252 AD2d at 90).
Here, the evidence presented to the Board by the petitioner did not establish the full market value of her property. As such, the petitioner failed to show that her property was assessed at a higher percentage of full market value than either the average of all other property on the assessment roll or the average of residential property on the assessment roll. Accordingly, the Board's determination declining to reduce the assessment was not affected by an error of law and was not arbitrary and capricious (see Matter of Greenfield v Town of Babylon Dept. of Assessment, [*2]76 AD3d at 1075).
We note that the Town, in its brief on appeal, has not made any arguments with respect to the procedure employed by the petitioner in this case.
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court